**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cameron J Bell,

Petitioner

v.

Mattos, *et al.*,

Respondents

Case No.: 2:26-cv-01963-APG-MDC

**Order Dismissing Petition, Granting IFP Application, Denying Motion to Dismiss Counsel**

[ECF Nos. 1, 1-1, 3]

Petitioner Cameron J. Bell has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* (IFP), and a motion to dismiss counsel. ECF Nos. 1, 1-1, 1-3. I find good cause to grant the IFP application. On initial review under the Habeas Rules,[1] however, I dismiss the petition and deny the motion to dismiss counsel.

## I. Background

In October 2016, Bell was found guilty of Felon in Possession of a Firearm. *See USA v. Bell*, Case No. 2:15-cr-00054-GMN-MDC-1. A hearing for revocation of supervised release is currently set for August 5, 2026. *Id.* at ECF No. 277. In his petition, Bell alleges that he is in custody in violation of his Fifth Amendment Due Process rights, that the district court erred when it denied his motion to suppress evidence, that his conviction must be overturned, and that he absconded after the expiration of his supervised release. ECF No. 1-1 at 2-7. He requests immediate release from custody. *Id.* at 7.

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

## II. Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to substantial defect. Section 2241 is the proper basis for a habeas petition by a *state* prisoner who is not held "pursuant to the judgment of a State court," for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007). Bell challenges his federal criminal conviction and his detention pending revocation of supervised release. To challenge a federal criminal conviction, Bell must file a § 2255 motion to vacate, set aside, or correct that sentence in the underlying federal criminal case. Similarly, to the extent Bell intends to request dismissal of appointed counsel, he should file such motion in his federal criminal case. Bell has not been appointed counsel in this matter. Accordingly, the Court denies the petition without prejudice to Bell raising his claims in his federal criminal matter and dismisses this action and denies his motion to dismiss counsel.

## III. Conclusion

I THEREFORE ORDER:

1. Petitioner Cameron J. Bell's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice to Bell raising his claims in his federal criminal matter.

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.
3. The IFP application (ECF No. 1) is granted.
4. Petitioner’s motion to dismiss counsel (ECF No. 1-3) is denied.
5. The Clerk of the Court is directed to enter judgment accordingly and close this case.
6. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED: July 29, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE